**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 99-CR-27-TCK** |
| | ) | **03-CV-322-TCK** |
| **JOHNNY BAZILE, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is the <u>pro se</u> motion of defendant Johnny Bazile, Jr., to vacate, set aside or correct sentence by a person in federal custody filed pursuant to 28 U.S.C. § 2255 (Dkt. # 98), a motion to amend and supplement pleadings filed pursuant to Rule 15 (Dkt. # 107), and motion to amend and supplement pleadings filed pursuant to Rule 15(b)(c)(1)(2) (Dkt. # 108).

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,  may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

### Background

On March 4, 1999, Johnny Bazile, Jr., Deon Paris and Cordney Deon Chairs were named in a six-count indictment charging them with three counts of use of a firearm during a crime of violence and armed robbery affecting interstate commerce.[1]  Bazile was charged as follows: Count

---

[1] Deon Paris pled guilty to Counts One and Two of an Information on May 4, 1999, and later was sentenced to 87 months imprisonment and three years supervised release. (Dkt. #s 25 and 38).  Cordney Deon Chairs pled guilty to Count Five of the Indictment on May 7, 1999, and later was sentenced to 27 months imprisonment and three years supervised release. (Dkt. # 37).

One, a Hobbs Act robbery on December 11, 1998, of the Dirts Away Carwash, in violation of 18 U.S.C. § 1951; Count Two, use of a firearm during the Dirts Away Carwash robbery, in violation of 18 U.S.C. § 924(c); Count Three, a Hobbs Act robbery on December 23, 1998, of the Silver Dollar Jewelry & Pawn, in violation of 18 U.S.C. § 1951; Count Four, use of a firearm during the Silver Dollar Jewelry & Pawn robbery, in violation of 18 U.S.C. § 924(c); Count Five, a Hobbs Act robbery on January 24, 1999, of Extended Stay America Motel, in violation of 18 U.S.C. §1951; and Count Six, use of a firearm during the Extended Stay America Motel robbery, in violation of 18 U.S.C. § 924(c).  Bazile pled guilty to Counts Two and Four of the Indictment, and proceeded to trial on Counts One, Three, Five and Six.  Count  One was dismissed during the trial, and he was convicted by the jury on Counts Three, Five and Six (Dkt. # 33).

The convictions arose from Bazile's participation in a series of robberies, from December 11, 1998, through January 24, 1999, of the three businesses listed above, located in the Tulsa/Broken Arrow Metroplex.  During the robbery of the pawn shop,  Bazile fired several shots from his weapon causing one employee to be hit in the chest and another employee to be hit in the chest and in his hand.  Bazile was originally sentenced to  life in prison plus 497 months, followed by five years of supervised release (Dkt.# 39 at 2).

On direct appeal, Bazile challenged the life sentence imposed on Count Four. Although his conviction was affirmed, his case was remanded for resentencing.  See United States v. Bazile, 209 F.3d 1205 (10th Cir. 2000).  On remand, the Court granted the government's motion for upward departure, and sentenced Bazile to 895 months in prison, followed by five years of supervised release. (Dkt. # 67).  On February 11, 2002, Bazile's resentencing was affirmed.  United States v. Bazile, 30 Fed. Appx. 830 (10th Cir. 2002).  Bazile did not file a petition for writ of certiorari. Thus,

his conviction became final ninety days later on May 13, 2002, when his time to file a petition for certiorari expired.  See, Clay v. United States, 537 U.S. 522, 527 (2003).

Bazile executed his § 2255  motion on May 5, 2003, and it was filed of record on May 14, 2003.  Under the prisoner mailbox rule, Bazile's motion is timely filed. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a pro se prisoner's pleading is timely filed if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the document).  The Court finds that it has jurisdiction over his § 2255 motion for determination on the merits.

### Issues Raised

In his original § 2255 motion, Bazile raises two issues:

(1)     Ineffective assistance of trial counsel for failing to object at the beginning, during and at the close of trial that the indictment was defective because Counts One, Three and Five, charging a Hobbs Act violation, failed to include the elements of "knowingly and willingly," the mens rea required for conviction.

(2)     Ineffective assistance of trial counsel in failing to object that the jury instruction allowed for conviction under the Hobbs Act for a robbery which "possibly affecting commerce" rather than "actually affecting commerce" as charged in the indictment, causing a constructive amendment to the indictment.

(Dkt. # 98 at 4 through 6)

### Discussion

Bazile's claims raise the issue of ineffective assistance of counsel. Jack Schisler, a member of the Criminal Justice Act ("CJA") panel, was appointed to represent Bazile. The Sixth Amendment requires that criminal defendants receive effective assistance.  Romero v. Tansy, 46 F.3d 1024, 1029 (10th Cir. 1995) (citing Evitts v. Lucey, 469 U.S. 387, 396 (1985)).   To establish a claim of ineffective assistance of  counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial.  Strickland v. Washington, 466 U.S.

3

668, 687 (1984).  A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688.  Review of counsel's performance must be highly deferential. Id. at 689.

To establish the second prong, a defendant must show prejudice resulting from counsel's performance.  Strickland, 466 U.S. at 687.  That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Bazile claims the Indictment filed against him in this case was insufficient because it failed to charge the mens rea element required for conviction under the  Hobbs Act and that his attorney was  ineffective in failing to move to have it dismissed on that basis. A challenge to the sufficiency of an indictment is never waived.  United States v. Zeigler, 105 F.3d 670 (10th Cir. 1997)(unpublished), cert. denied, 513 U.S. 1003 (1994). The test for sufficiency of the indictment differs if raised before, rather than after, a conviction.  Before a conviction, "the indictment standing alone must contain the elements of the offense intended to be charged and must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare a defense."  Id. After a conviction, "the entire record of the case must be sufficient so as to enable the accused to subsequently avail himself of the plea of former jeopardy if the need to do so should ever arise." Id.  When a challenge to the sufficiency of an indictment is raised on a § 2255 motion to vacate, the

4

test of the sufficiency of the indictment is whether the indictment by any reasonable construction can be said to charge the offense for which the sentence was imposed. Id.

The language of the Hobbs Act imposes criminal liability on anyone who "in any way or degree obstructs, delays, or affects commerce, by robbery. . . or attempts . . . so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose" to do so. 18 U.S.C. § 1951(a). Robbery is defined under the Act as "the unlawful taking or obtaining of personal property from [a] person . . . against his will, by means of actual or threatened force, or violence, or fear of injury. . . to his person or property." 18 U.S.C. § 1951(b)(1).

There are two elements necessary to support a Hobbs Act violation: (1) interference with commerce and (2) robbery. Zeigler , 105 F.3d 670; see also Hale v. Gibson , 227 F.3d 1298, 1329 (10th Cir. 2000). Counts Three and Five in the instant case charged a Hobbs Act violation as follows:

> On or about [date specified], in the Northern District of Oklahoma, the defendants, JOHNNY BAZILE JR. . . . did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that . . . JOHNNY BAZILE, JR. . . . did unlawfully attempt to take money from the presence of an employee of [name of business], a company that conducted and conducts business in interstate commerce, against the employee's will by means of actual and threatened force, violence and fear of injury . . .

(Dkt. # 1).

Both of the essential elements of "interstate commerce" and "robbery" are clearly pled in the language of the Indictment. Bazile claims the language was insufficient because it did not include the words "knowingly and willfully." Faced with this same allegation in a Hobbs Act case, the Eleventh Circuit said "that an indictment is not defective simply because it fails to allege mens rea

5

so long as the allegation that the crime was committed with the requisite state of mind may be inferred from other allegations in the indictment." United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002). In upholding the sufficiency of the indictment, the Eleventh Circuit held that the clear and unambiguous language of the indictment, which tracked literally the wording of the Hobbs Act statute, necessarily imparts an allegation of knowledge. Id. at 1046-47. The Indictment charged that Bazile committed the robberies by unlawfully taking money by actual or threatened force using a firearm. The factual assertion that Bazile used a firearm necessarily imparts the allegation that he knowingly and willingly committed the offense. "Indeed, it is difficult to imagine how a person could 'unlawfully take and obtain personal property . . . by means of actual and threatened force, violence, and fear of immediate injury' by mistake or accident." Id. at 1047. Accordingly, the Court finds the Indictment is sufficient to charge an offense under the Hobbs Act, and therefore counsel was not ineffective in failing to move for dismissal.

As to his second claim, Bazile claims his counsel was ineffective in failing to object that a jury instruction allowed conviction under the Hobbs Act for a robbery which "possibly affected" commerce rather than "actually affected" commerce as charged in the indictment, and that the variance in language constructively amended the Indictment (Dkt. # 98 at 4). Bazile further claims that this language invoked the "depletion of assets theory," allowing the jury to find him guilty for "what he could have done and not what he actually did." (Dkt. # 98 at 5). The following jury instruction is at issue:

### OBSTRUCTS, DELAYS, OR AFFECTS COMMERCE – DEFINED

The term "obstructs, delays, or affects commerce" means any action which, in any manner or to any degree, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other

> property in commerce.
>
> It is not necessary for the government to prove that the Defendant actually intended to obstruct, delay, or affect commerce.  However, the government must prove, beyond a reasonable doubt, that the Defendant committed the alleged robberies, and that commerce was, in fact, obstructed, delayed, or affected.

(Dkt. # 32 at 23)

There are two ways an indictment could be constructively amended: (1) when the jury instruction and the proof offered at trial broaden the indictment, and (2) when the evidence adduced at trial establishes facts different from those alleged in the indictment. See United States v. Vigil, 523 F.3d 1258, 1264 (10th Cir. 2008).  Apparently, Bazile is relying on the first method.  The Indictment charges that Bazile "did unlawfully . . . affect, and attempt to . . . affect commerce . . . by robbery."  (Dkt. # 1). The jury instruction, however, did not broaden the scope of the Indictment. Rather, as the title indicates, it simply defined the terms used in the Indictment, specifically, that the effect on interstate commerce is shown by Bazile committing the robbery itself, rather than by Bazile's subjective intent to affect interstate commerce.

Bazile also contends the jury instruction improperly charged a "depletion of assets theory." Bazile is ill-advised in asserting this claim.  First, the Tenth Circuit has approved the "depletion of assets theory" to support convictions under the Hobbs Act.  See United States v. Wiseman, 172 F.3d 1196, 1216 (10th Cir. 1999).  "We have held that a depletion of assets potentially affecting interstate commerce constitutes a sufficient nexus to interstate commerce under the Hobbs Act."  Id.  The court explained, "[t]he use of the words actual, potential, and probable explain to the jury the type of effects on interstate commerce that the government must show to meet the jurisdictional requirements under the Hobbs Act." Id.; see also United States v. Curtis, 344 F.3d 1057, 1069 (10th Cir. 2003) (a jury instruction which requires only a potential effect on commerce  is not prejudicial);

7

United States v. Chanthadara, 230 F.3d 1237, 1253 (10th Cir. 2000) (a minimal impact on interstate commerce is all that is required under the Hobbs Act).  The Tenth Circuit has also rejected Bazile's contention that a showing of "potential effect" on interstate commerce reduces the burden on the government to establish a violation of the Hobbs Act. Chanthadara, 230 F.3d at 1260.

Second, a plain reading of the jury instruction does not support  Bazile's claim that the jury instruction allowed for conviction for what he "could have done" rather than what he "actually did." The instruction advised the jury that government must prove that Bazile committed the robberies, and that commerce was, in fact, affected. The Court finds that the jury instruction did not constructively amend the Indictment and that counsel was not ineffective for failing to object to the instruction.

### Motions to Amend and Supplement

Bazile subsequently filed two motions to amend and supplement pleadings.  His first motion was filed on March 23, 2005 (Dkt.# 107).  In this motion, Bazile contends that under the provisions of United States v. Booker, 543 U.S. 220 (2005), his sentence is void and in violation of the Fifth and Sixth Amendments, because Booker renders the provisions of the Sentencing Reform Act of 1984 unconstitutional and constitutes an "intervening change in the law" which should be applied retroactively. (Dkt. # 107 at 2-3).

Bazile's second motion was filed on September 6, 2005  (Dkt. # 108).  In this motion, Bazile contends that the decisions after Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v.Washington, 542 U.S. 296 (2004) and Booker, show that the Court erred in enhancing Bazile's sentence under the firearm counts because the facts supporting enhancement were not charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. (Dkt. # 108 at 5).

8

The Court finds that although Bazile's original § 2255 motion was timely filed, both of his motions to amend were filed outside the one-year statute of limitations which expired on May 13, 2003.  Bazile cites Fed. R. Civ. P. 15(b)(c)(1)(2) as authority for the Court to grant his amended motions.  Rule 15(b) is inapplicable because it pertains to amendment of pleadings during trial to conform to the evidence.  Rule 15(c)(2) is inapplicable because it pertains to amendments to add the government as a party to a proceeding. When a  defendant seeks to amend a § 2255 motion after the running of the one-year statutory period, Rule 15(c) applies and permits the Court to retain jurisdiction to grant that motion only if the claims raised therein "relate back" to those raised in the original motion. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).  In United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000), the court held that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the [original motion] may, in the District Court's discretion, relate back to the date of the [original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." Id. at 505.  The Court finds that the claims raised by Bazile in his two motions to amend do not relate back to his original motion because they raise new claims and insert new theories in the case.  Thus, the Court is without authority to determine the merits of the new claims raised in Bazile's motions to amend.  Therefore, the Court finds Bazile's requests to amend his § 2255 motion should be denied.

## Conclusion

The Court finds that defendant Bazile has failed to show that the sentence imposed by this Court is unconstitutional requiring it to be  vacated, set aside or corrected. Section 2255 provides that the district court shall conduct a hearing unless the motion and records conclusively show that defendant is entitled to no relief.  In this case, the Court concludes that the record conclusively shows that defendant Bazile is entitled to no relief, and a hearing is unnecessary.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1.      Defendant's motion to amend and supplement pleading pursuant to Rule 15 (Dkt. # 107) is **denied** as time-barred.

2.      Defendant's motion to amend and supplement pleadings pursuant to Rule 15(b)(c)(1)(2) (Dkt. # 108) is **denied** as time-barred.

3.      Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence by a person in federal custody (Dkt. # 98) is **denied**.

**DATED THIS** 30th day of September, 2008.

_Terence Kern_

TERENCE KERN