## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 99-CR-27-TCK |
| | ) | |
| JOHNNY BAZILE, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

Before the Court are the Motion to Vacate, Set Aside, or Correct Sentence filed by the defendant, Johnny Bazile ("Bazile") and the Motion to Dismiss Defendant's Successive §2255 Motion filed by the United States.  Docs 131, 135.

### I.      Background

From December of 1998 to February of 1999, Bazile was responsible for three armed robberies. (PSR at ¶¶ 8-18).  During one of the robberies, he shot two pawn shop employees.  *Id.* at ¶ 12.  A grand jury indictment charged him with three counts of Hobbs Act robbery in violation of 18 U.S.C. §1951 (Counts One, Three and Five); and three counts of possessing a firearm in furtherance of the Hobs Act robberies, in violation of 18 U.S.C. §924(c). Doc. 1.  After a jury found him guilty of Counts Three, Five and Six, the government dismissed Count One.  Doc. 39; PSR at ¶ 3.  The Court originally sentenced Bazile to life imprisonment on Count Four.  Doc. 39.

On appeal, the Tenth Circuit remanded the case for resentencing on Count Four.  Doc. 48. *United States v. Bazile*, 209 F.3d 1205 (10th Cir. 2000) (*Bazile I*).  On January 11, 2001, the Court re-sentenced Defendant to concurrent 235-month terms as to Counts Three and Five; a consecutive 60-month term as to the §924(c) conviction on Count Two and two consecutive 300-month terms

as to the §924(c) convictions on Counts Four and Six. Doc. 67, 91.  The Tenth Circuit affirmed the Court's judgment on direct appeal from the resentencing.  *United States v. Bazile*, 30 Fed. Appx 831 (10th Cir. 2002) (unpublished) (*Bazile II*).

In 2003, Bazile filed his first motion under 28 U.S.C. §2255.  Doc. 98.  The Court denied the motion in 2008.  Doc. 118.  Bazile did not appeal the denial.

In 2016, Bazile applied to the Tenth Circuit for authorization to file a second or successive §2255 motion challenging his §924(c) convictions based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).  Subsequently, he supplemented his application to argue that Hobbs Act robberies can only be construed as a crime of violence under the residual clause of §924(c)(3)(B), which the Supreme Court held to be unconstitutionally vague in *United States v. Davis*, 139 S.Ct. 2319 (2019).  Doc. 128.  On December 5, 2019, the Tenth Circuit granted Bazile permission to file a second or successive §2255 motion in this Court, but did not consider the merits of his motion.  Doc. 130.

In the pending motion, Bazile asks that his §924(c) convictions, and the resulting mandatory consecutive sentences, be vacated because the Hobbs Act robberies are not "crimes of violence" under §924(c)(3). Doc. 131. The United States subsequently filed a Motion to Dismiss, arguing that the Court cannot rule in Bazile's favor under current Tenth Circuit law. Doc. 135.

A petitioner must satisfy two procedural requirements before the Court can address the merits of a second or successive §2255 motion.  First, he must make a prima facie showing to the court of appeals that the motion satisfies the requirements of §2255(h), which is defined as "a sufficient showing of possible merit to warrant fuller exploration by the district court."  Second, there must be a determination by the district court that the petition does, in fact, satisfy those requirements.  *United States v. Pullen*, 913 F.3d 1270, 1276 (10th Cir. 2019).

2

By obtaining certification from the Tenth Circuit, Bazile has satisfied the first procedural requirement.  Now before the Court is the question of whether, pursuant to §2255(h)(2), his motion actually relies upon a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.  *Pullen*, *supra*.

In his motion, Bazile argues that his §924(c) convictions—Counts Two, Four and Six—and the resulting mandatory consecutive sentences must be vacated because the predicate offenses—the Hobbs Act robberies—are no longer "crimes of violence" under §924(c)(3).

The United States, though, asserts Bazile's motion is foreclosed by the Tenth Circuit's holding in *Melgar-Cabrera*, and that on that basis alone, the motion is subject to dismissal.  Doc. 135 at 4. Additionally, it argues that Bazile is wrong in contending the Court may consider his claim on its merits in the first instance, since he cannot meet the second procedural hurdle for a successive motion under §2255.  Specifically, it contends that  because Hobbs Act robbery requires as an element the use, attempted use or threatened use of force, he cannot meet his burden of establishing he was convicted based on the residual clause in §924(c)(3)(B) rather than the elements clause in §924(c)(3)(A).  Accordingly, he cannot show that *Davis*'s invalidation of the residual clause had any effect on the validity of his convictions and cannot satisfy §2255(h)(2) by showing that his motion rests on the new rule of constitutional law enunciated in *Davis*.  The United States argues that, consequently, Bazile's motion should be dismissed rather than denied.

The Hobbs Act, 18 U.S.C. §1951(b)(1), defines robbery, in pertinent part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or

3

obtaining." 18 U.S.C. §1951(b)(1).  Although the Tenth Circuit held that the residual clause in §924(c)(3)(B) was unconstitutionally vague, it recognized that Hobbs Act robbery still qualified as a crime of violence under the elements clause of §924(c)(3)(A).  *See Melgar-Cabrera*, *supra*, at 1060 n. 4 (stating that although it had "held that the residual clause in  §924(c)(3)(B) is unconstitutionally vague . . . [t]hat outcome does not affect Mr. Melgar-Cabrera's appeal given our conclusion that Hobbs Act Robbery is a crime of violence under the elements clause of §924(c)(3))." Moreover, a panel of the Tenth Circuit has explicitly recognized *Davis* did not alter the holding that Hobbs Act robbery is a crime of violence under the elements clause.  *United States v. Myers*, 786 Fed. Appx. 161, 162 (10th Cir. Nov. 27, 2019) (unpublished) (noting that "*Melgar-Cabrera* is still binding precedent on this court").

Because Bazile cannot show that his convictions were based on the residual clause in §924(c)(3)(B), which *Davis* invalidated, his successive §2255 motion cannot be said to rely on *Davis*, and he cannot satisfy the requirement that his motion be based on a new rule of constitutional law.  Bazile's failure to surmount §2255(h)(2)'s second procedural hurdle requires that his motion be dismissed rather than denied on the merits.

Accordingly, the United States' Motion to Dismiss (Doc. 135) is granted and Bazile's successive §2255 motion (Doc. 131) is dismissed.

ENTERED this 15th day of October, 2020.

TERENCE C. KERN
United States District Judge